UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUAN CARLOS ANGUIANO,

      Plaintiff,

v.                                                     Case No. 18-C-142

SHERIFF RICHARD R. SCHMIDT, *et al.*,

      Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is representing himself and currently incarcerated at the Milwaukee County Jail, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee. ECF No. 2.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $21.40. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

The complaint names as defendants Sheriff Richard Schmidt, Nurse Aber, and "other medical staff." ECF No. 1 at 1. The complaint form itself does not make any allegations and merely requests monetary damages "for her wrongfully [giving] me the wrong medication and knowingly doing so [once] she was told this fact and the [jail's] staff . . . for not helping me too." *Id.* at 4. Two documents attached to the complaint provide the context missing from the complaint itself.

First, a January 11, 2018 inmate grievance form alleges that at 5 p.m. the previous evening Nurse Aber gave Plaintiff the wrong medication even after Plaintiff and a correctional officer told

Nurse Aber Plaintiff's name five times. ECF No. 1-1 at 1. Plaintiff explained that he took the medication given to him because he had requested medication such as ibuprofen or Tylenol for a headache. *Id.* After taking the medication from Nurse Aber, however, he "started feeling funny" and returned to his cell. *Id.* While in his cell, he remembers telling his cell mate he was not feeling well, and then the next thing he remembers is lying on the floor, feeling dizzy, with a lump on the back of his head. *Id.* In the hours afterward, he felt jittery, got the chills, and did not feel normal. *Id.* The second document attached to the complaint is an inmate grievance form regarding the incident. *Id.* at 2. The form indicates that it was received on January 18, 2018. *Id.* Further, it indicates that the issue was "forwarded to Armor Medical," and the disposition of the complaint was "Forwarded." *Id.*

## THE COURT'S ANALYSIS

It is unclear whether Plaintiff is incarcerated as a pretrial detainee or pursuant to a jail sentence. Although claims of deliberate indifference involving detainees arise under the Fourteenth Amendment rather than the Eighth Amendment, as they do for convicted prisoners, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on deficient medical care, a

3

plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Id.* at 837. Crucially, "a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Here, Plaintiff fails to state a claim for deliberate indifference against Nurse Aber. Her allegedly careless act of giving Plaintiff the wrong medication, despite being warned to the contrary, does not rise to the level of deliberate indifference. Nor does Plaintiff state a claim against either Sheriff Schmidt or the unnamed medical staff members. Sheriff Schmidt cannot be held liable on a *respondeat superior* theory of supervisory liability, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), and Plaintiff makes no allegations of action or inaction directly involving the Sheriff. Likewise, Plaintiff makes no allegations of particular actions or inactions by other medical staff at the jail that would put them on notice of his claim that they had violated his rights. Accordingly, this plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

Furthermore, it is not clear that Plaintiff has satisfied his obligation to exhaust all administrative remedies before filing suit in federal court. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he

4

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Here, as noted above, Plaintiff submitted a document with his complaint indicating that his inmate grievance has been "forwarded" for further consideration (ECF No. 1-1 at 2), a clear indication that he has not yet received a final administrative determination regarding his complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $328.60 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this 12th day of March, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.